IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LARRY JEROME LOVELACE, ) | Case No. 06-43464-13-abf |
| BETTY KAY LOVELACE, ) | |
| ) | |
| Debtors. ) | |

ORDER DETERMINING THAT § 362(c)(3)(B) DOES
NOT APPLY TO DEBTORS

Debtors filed a motion for determination that § 362(c)(3)(B) does not apply to them, or in the alternative for continuation of the automatic stay pursuant to that provision. This is a Chapter 13 case, which was filed on December 14, 2006. Debtors had previously filed a Chapter 7 case on May 24, 2005, and had been granted a discharge on December 26, 2005.

Section 362(c)(3) provides in relevant part that:

> . . .
> (3) If a single or joint case is filed by or against a debtor who is an individual in a case under Chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the proceeding 1-year, but was dismissed, other than a case refiled under a Chapter other than Chapter 7 after dismissal under § 707(b) –
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the thirtieth (30th) day after the filing of the later case;
>
> (B) on a motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after a notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of a later case is in good faith as to creditors to be stayed. . .

Debtors in this case ask for a determination that this provision is not applicable, and that the filing of this Chapter 13 case triggered the automatic stay without further action on their part.

I agree. By its terms, § 362(c)(3)(B) is only applicable if the case which was pending during the 1-year period prior to the filing of the current case was dismissed. Here, debtors' prior case was not dismissed, but instead resulted in a discharge of their obligations. Accordingly, § 362(c)(3)(B) does not apply to these debtors.

    IT IS SO ORDERED.


                                          /s/ Arthur B. Federman
                                            Bankruptcy Judge

Date: 1/16/07